**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BETTY JO SPEAR,
                                        Plaintiff,

        v.                                                    No. 04-CV-1189
                                                                    (LEK/DRH)

JO ANNE B. BARNHART, Commissioner of
Social Security,
                                        Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

HINMAN, HOWARD & KATTELL, LLP        EUGENE D. FAUGHNAN, ESQ.
Attorney for Plaintiff
Post Office Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902-5250

HON. GLENN T. SUDDABY                    WILLIAM H. PEASE, ESQ.
United States Attorney for the            Assistant United States Attorney
    Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER[1]**

        Plaintiff Betty Jo Spear ("Spear") brought this action pursuant to 42 U.S.C. § 405(g)

seeking review of a decision by the Commissioner of Social Security ("Commissioner")

denying her application for benefits under the Social Security Act.  Spear moves for a

finding of disability and the Commissioner cross-moves for a judgment on the pleadings.

_____
        [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

Docket Nos. 5, 8.  For the reasons which follow, it is recommended that the Commissioner's decision be affirmed.

## I. Procedural History

On April 5, 2001, Spear filed an application for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 67-69.[2]  That application was denied after the initial determination and following reconsideration.  T. 42-46.  Spear requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Barry E. Ryan on July 24, 2002.  T. 24-40, 47.  In a decision dated September 20, 2002,  the ALJ held that Spear was not entitled to disability benefits.  T. 20.  On November 22, 2002, Spear filed a request for review with the Appeals Council.  T. 261-67.  The Appeals Council denied Spear's request for review, thus making the ALJ's findings the final decision of the Commissioner.  T. 6-10.  This action followed.

## II. Contentions

Spear contends that the substantial weight of the medical evidence supports a finding of disability and that the ALJ erred when he failed properly TO credit the treating physicians' opinions.  The Commissioner contends that there was substantial evidence to support the determination that Spear was not disabled.

---

[2] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner.  Docket No. 4.

### III. Facts

The facts contained in Spear's brief are adopted and are not disputed by the Commissioner, except for some minor clarifications and additions.  See Def. Mem. of Law (Docket No. 8) at 2.  Spear, now sixty-one, previously worked as a nursing assistant and hospital unit secretary and has a high school education.  T. 15, 26-27.  Spear alleges that she became disabled on December 6, 2000 due to grief, confusion, inability to focus on one thing, osteoarthritis of the lower back, and sarcoidosis.  T. 91.

### IV.  Standard of Review

### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A) (2003).  In addition, the claimant's impairments must be of such severity that he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently

3

engaged in substantial gainful activity.  If he [or she] is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his [or her] physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.  Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps.  Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000).  However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform.  Id.

**B. Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision.  Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Shaw, 221 F.3d at 131 (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  Richardson v. Perales,

4

402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938));

<u>see</u> <u>Curry v. Apfel</u>, 209 F.3d 117, 122 (2d Cir. 2000).

"In addition, an ALJ must set forth the crucial factors justifying his findings with

sufficient specificity to allow a court to determine whether substantial evidence supports the

decision." <u>Prentice v. Apfel</u>, No. 96 Civ. 851(RSP), 1998 WL 166849, at *3 (N.D.N.Y. Apr.

8, 1998) (citing <u>Ferraris v. Heckler</u>, 728 F.2d 582, 587 (2d Cir. 1984)).  A court, however,

cannot substitute its interpretation of the administrative record for that of the Commissioner

if the record contains substantial support for the ALJ's decision.  <u>Yancey v. Apfel</u>, 145 F.3d

106, 111 (2d Cir. 1998).  If the Commissioner's finding is supported by substantial evidence,

it is conclusive.  <u>Bush v. Shalala</u>, 94 F.3d 40, 45 (2d Cir. 1996).


## V.  Discussion

### A. Medical Evidence

On January 10, 2001, Spear sought treatment from Dr. Steven Spivak after

complaining of headaches, chest pain, and diffuse pain all over her body as a result of her

daughter's sudden death in December 2000.  T. 153.  Dr. Spivak noted that Spear should

continue counseling for her depression and granted her a leave of absence from work until

April 1, 2001.  T. 153-54.  On March 22, 2001, Dr. Spivak recommended that Spear see Dr.

Mark Simko to help treat her depression and that Spear return to work on a part-time basis

starting April 1, 2001.  T. 156.  Dr. Simko began treating Spear in April 2001 and considered

a diagnosis of a depressive disorder.  T. 232.  From April through August 2001, Dr. Simko

treated Spear on a monthly basis, but did not treat Spear between August and December 5,

2001.  T. 232-39.  At the December visit, Dr. Simko noted that Spear "was coping."  T. 239.

On April 21, 2001, Spear was examined consultatively by Mary Ann Moore.  T. 171-75.  Moore determined that Spear had a "[m]ajor depressive disorder without psychotic features, moderate to severe" and recommended that she continue with psychological and psychiatric treatment.  T. 175.  In September 2001, Spear contacted Dr. Spivak's office seeking permission to return to work on a part-time basis and Dr. Spivak granted the request.  T. 241.  On March 7, 2002, Dr. Spivak diagnosed Spear with osteoarthritis of the back, depression, gastrointestinal reflux disease, and headaches.  T. 256.  Dr. Spivak noted that Spear was affected by these impairments and could only lift and/or carry ten pounds two-to-three hours out of the eight-hour workday.  T. 257.  He concluded that Spear "was largely limited by and disabled by her depression."  Id.

### B. Substantial Gainful Activity

Spear contends that the substantial weight of medical evidence supports a finding of disability due to her inability to engage in any substantial gainful activity since December 6, 2000.

Substantial gainful activity is work that involves significant physical or mental activities and is the kind of work usually done for pay or profit.  Part-time work and work where the individual does less, is paid less, or has less responsibility than previous work may be considered substantial.  20 C.F.R. § 404.1572(a).  Gainful work activity is work activity that is usually done for pay or profit, regardless of whether or not profit is actually realized.  See 20 C.F.R. § 404.1572 (2003); see also Barber v. Sullivan, 765 F. Supp. 58,

6

63 (W.D.N.Y. 1991).

In general, guidelines for determining if a beneficiary is able to do substantial gainful activity as an employee is based on earnings.  20 C.F.R. § 1574(a) (2003). If an employee earns more than a certain maximum, the claimant is considered to be engaging in substantial gainful activity.  These amounts vary from year to year.  Monthly earnings exceeding $ 300 for the years prior to 1989, $ 500 for the years from 1990 until July 1999, $ 700 from July 1999 through December 1999, and $ 740 effective January 2001 are presumed to show that an individual as an employee is engaged in substantial gainful activity.  20 C.F.R. § 404.1574(b) (2003).

Here, the ALJ concluded that Spear had been working as a hospital unit secretary since at least October 2001 and up through and including March 2002.  T. 17-19.  During this time, Spear was earning an average of $1,289.00 per month, nearly double the amount which presumptively establishes substantial gainful activity.  T. 19, 72-82.  Therefore, there is substantial evidence to support the ALJ's determination that Spear was engaged in substantial gainful activity since October 2001 and thus was not disabled.

Accordingly, it is recommended that the Commissioner's findings in this regard be affirmed.

**C. Treating Physician's Rule**

Spear contends that the ALJ improperly ignored the reports of her treating physicians, Drs. Spivak and Simko, and relied exclusively upon the consultative examination of Dr. Moore.

7

When evaluating a claim seeking disability benefits, factors to be considered include objective medical facts, clinical findings, the treating physician's diagnoses, subjective evidence of disability, and pain related by the claimant.  Harris v. R.R. Ret. Bd., 948 F.2d 123, 126 (2d Cir. 1991).  Generally, more weight is given to a treating source.  Under the regulations, a treating source's opinion is entitled to controlling weight if well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2) (2003); Shaw, 221 F.3d at 134.  Before a treating physician's opinion can be discounted, the ALJ must provide "good reasons."  Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998).

The ALJ is required to assess the following factors in determining how much weight to accord the physician's opinion: "(I) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors."  Schaal, 134 F.3d at 503.  If other evidence in the record conflicts with the opinion of the treating physician, this opinion will not be deemed controlling or conclusive, and the less consistent the opinion is, the less weight it will be given.  Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).  Ultimately, the final determination of disability and a claimant's inability to work rests with the Commissioner.  Id. at 133-34; see 20 C.F.R. §§ 404.1527(e), 416.927(e) (2003).

Here, the ALJ's decision discusses extensively the opinions of Spear's treating physicians.  See T. 16-17.  Regarding Dr. Spivak, the ALJ discussed Dr. Spivak's treatment of Spear and noted that he had authorized Spear to return to work in September 2001.  See

8

T. 16, 241.  As to Dr. Simko, the ALJ addressed Dr. Simko's treatment notes that discuss Spear's grieving process.  T. 16.  The ALJ also noted that Dr. Simko did not see Spear between August 14, 2001 and December 5, 2001, and that at the December 5, 2001 session Dr. Simko noted that Spear "was coping."  T. 16, 239.  Thus, Spear's contention that the ALJ ignored and discounted her treating physicians opinions is without merit.  Furthermore, the evidence of record, including the record of Drs. Spivak and Simko, substantially supports the ALJ's conclusion.

Therefore, it is recommended that the Commissioner's finding in this regard be affirmed.


### D. Duration of Disability

Spear contends that because her impairments could have been expected to last for twelve continuous months, she is disabled under 20 C.F.R. § 404.1505(a).  Section 404.1505(a) states in relevant part:

> The law defines disability as the inability to do any substantial gainful activity by reason of a medically determinable physical or mental impairment(s) which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505(a).

Here, Spear contends that the ALJ erred as a matter of law for failing to determine whether her disability could have been expected to last for twelve months.  However, as discussed above, the ALJ determined that Spear returned to work in October 2001, only ten months after her alleged disability began.  Thus, whether her alleged impairments could have lasted

9

twelve months is immaterial because there is substantial evidence to support the ALJ's

determination that Spear's disability lasted only ten months.  See Barnhart v. Walton, 535

U.S. 212, 222-25 (2002).

Therefore, it is recommended that the Commissioner's determination on this ground

be affirmed.


**VI. Conclusion**

For the reasons stated above, it is hereby

**RECOMMENDED** that the decision denying disability benefits be **AFFIRMED**,

Spear's motion for a finding of disability (Docket No. 5) be **DENIED**, and the

Commissioner's cross-motion (Docket No. 8) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of

the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing

Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72, 6(a), 6(e).

DATED: November 1, 2006
      Albany, New York

                           _David R. Homer_
                          United States Magistrate Judge